## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **SUSAN ALTMAN,**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**BCD TRAVEL USA, LLC**<br><br>　　　　**Defendant.** | **Case No:**<br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiff SUSAN ALTMAN ("Altman"), for his Complaint against Defendant BCD TRAVEL USA, LLC ("BCD Travel"), alleges these claims:

Count I:　　　Gender Discrimination in violation of Title VII;

Count II:　　Hostile Work Environment in violation of Title VII;

Count III:　　Retaliation in violation of Title VII;

Count IV:　　Discrimination in violation of the ADA;

Count V:　　Violations of the Equal Pay Act;

Count VI:　　Breach of Contract;

Count VII:　Intentional Infliction of Emotional Distress.

## Parties

1.　　Plaintiff Susan Altman resides in Geneva, Illinois.  She was the Vice President, Global Sales, for BCD Travel until her termination on April 18, 2019.

1

2.     Defendant BCD Travel USA, LLC is the third largest global corporate travel management company.  Its principal place of business is in Atlanta, Georgia. BCD Travel employees over 6000 employees across all its locations.  BCD Travel also maintains an office located in Chicago, Illinois at 500 W. Madison St., Ste. 1200, Chicago, Illinois 60661.

<u>**Jurisdiction, Venue, and Prerequisites**</u>

3.     Altman sues for damages and equitable relief under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(e) *et seq*., as amended, for gender discrimination, hostile work environment, and retaliation; the Americans with Disabilities Act, as amended, 42 U.S.C.A. § 12101; the Equal Pay Act, 29 U.S.C. § 206(d); breach of contract; and intentional infliction of emotional distress.

4.     The Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a).

5.     The Court has pendent jurisdiction over Altman's state law claims (breach of contract and intentional infliction of emotional distress) as they arise from the same facts as her federal claims.

6.     Venue is appropriate under 28 U.S.C. § 1391 because BCD Travel maintains a corporate office in this judicial district.

7.     On June 13, 2019, Altman filed a charge with the EEOC.  Altman's EEOC charge alleged the Title VII, ADA, and EPA violations claimed in this complaint.  On September 2, 2020, the EEOC issued a right to sue letter to Altman.

A true and correct copy of Altman's EEOC charge and the right to sue letter are attached as **Exhibit A**.

8.      Altman received the right to sue letter on or about September 7, 2020. Altman files this complaint within 90 days after received the right to sue letter.

## Facts

9.      Susan Altman was employed by BCD Travel from July 17, 2012 to April 18, 2019 when she was terminated.  Altman's last position was Vice President, Global Sales.  Over the course of the near seven (7) years of her employment with BCD Travel, Altman was a highly successful employee and performed her job at a high level.

10.     As a VP, Altman reported directly to Jorge Cruz, who, in 2019, was promoted to Executive Vice President of Global Sales and Marketing.  Altman worked closely with colleagues Mark O'Brien and Deborah Cruz (wife of Jorge Cruz) who were in the same roles as Altman at BCD Travel.

11.     Directed by Jorge Cruz, the team (comprising of Altman, Deborah Cruz, and O'Brien) was directed to sell new business to BCD Travel.  This business came in the form of "re-bid" business, which was re-selling business to current BCD Travel clients, and selling BCD Travel's services to new clients.

12.     Under Jorge Cruz's leadership, Altman never once had an opportunity to sell sheer re-bid of current business account.  Altman was initially advised that the Account Management organization were the only ones permitted to do re-bids, not sales people like her and her team, so she did not question it until she found out that

both Deborah Cruz and Mark O'Brien were given several lucrative re-bid opportunities, and earned significant income from those opportunities. It was much easier to earn sales/commissions off of re-bid business (as opposed to generating and cultivating new business), as these clients had already purchased from BCD Travel before. Susan was never given the opportunity to sell a re-bid.

13.     Unfortunately, Deborah Cruz (Jorge Cruz's wife) and Mark O'Brien constantly received more favorable treatment at BCD Travel under Jorge Cruz. This favorable treatment to Deborah Cruz (nepotism) and Mark O'Brien (gender discrimination) caused Altman to suffer from high anxiety at work due to the feeling that no matter her performance, Jorge would treat his wife and O'Brien more favorably by offering them better opportunities and higher commissions.

14.     Between July 2018 and April 2019, Jorge Cruz allowed O'Brien (white male) to receive substantially more commissions than Altman despite working on the same or similar sales. For example (and without limitation), Mark O'Brien (white male) was paid full commissions for a similar sale to the Bayer Corporation (¶19(a) below) while Altman was denied any commission. O'Brien and Altman were equivalent VP's working under Jorge Cruz and each worked under the same incentive plan with BCD Travel, yet Jorge Cruz repeatedly gave O'Brien more opportunities to earn commissions, and, on *at least* one occasion described above, O'Brien received higher commissions than Altman (or commissions on the types of sales that Altman did not receive commissions from) despite the two working on the same or similar

sales. Jorge Cruz also provided more opportunities to earn commissions to his wife, Deborah Cruz, who, like Altman, was a VP working under Jorge Cruz.

15.     In addition, Deborah Cruz and Mark O'Brien were given "savory" accounts to sell within BCD Travel's vertical market, i.e. the customers BCD Travel specifically catered to healthcare and government. Cruz never gave Altman an account in the healthcare or government sector. Instead, these accounts were given to Deborah Cruz and Mark O'Brien.

16.     Jorge Cruz injured Altman's earning prospects in other ways. For example, Cruz restricted Altman from going to a major tradeshow, called Concur Fusion, in the Spring of 2019. Several of Altman's prospective clients were attending this tradeshow, and Altman had lined up meetings with many of these prospects. However, since Jorge Cruz forbade Altman from attending the tradeshow, Altman was forced to cancel these meetings which substantially hurt her chances of earning these prospective clients' business. Unlike Altman, Jorge Cruz allowed Deborah Cruz to attend the trade show. When Deborah Cruz could not attend the trade show due to a conflict, Altman asked Jorge Cruz if Altman could take Deborah Cruz's place. Jorge Cruz refused.

17.     This disparate treatment directly harmed Altman, who was prevented from earning higher commissions.

18.     Jorge Cruz's treatment of Altman - in limiting her earning potential by only giving healthcare and government sector clients to Mark O'Brien and Deborah Cruz and otherwise limiting her access to re-bid clients and through obviously

5

demonstrating favoritism towards Deborah Cruz (his wife) and male Mark O'Brien - caused Altman to suffer from severe anxiety. Altman protested this unfair and disparate treatment to Jorge Cruz, but her supervisor did nothing to remedy the hostile environment. Altman has been treated by a physician for her anxiety and emotional distress.

19.     Aside from the discrimination, nepotism, and hostile work environment discussed above, BCD Travel also failed to pay Altman full commissions under her Sales Incentive Plan for several sales she made. For example, and without limitation:

    a.  Bayer Corporation - Altman was the US salesperson of record for BCD Travel's business with Bayer Corporation which earned BCD Travel more than $100 million dollars in air volume. Altman should have received compensation through sales commissions in the amount of approximately $175,000 - $200,000 for her portion of the business. Instead, she received nothing.

    b.  AT Kearney - Altman lead the entire effort to earn this sale for BCD Travel, yet was only paid a small portion of the commission owed. Altman estimates she should have received an additional $75,000 for this sale.

    c.  Technip FMC - Prior to Altman's termination, Altman had developed a potential sale that would have netted for over $100,000 in commissions. However, Jorge Cruz interfered with the sale by refusing to work with Altman by failing to provide Altman with important financial

information she (and Technip) requested, that ultimately cause Technip to back out of the sale. Cruz sabotaged this potential sale intentionally to harm Altman just before she was terminated.

20. Between July 2018 and April 2019, Altman consulted with BCD Travel's Human Resources department, including HR representatives Mitch Boyles and Ricky Boykins, and complained of the hostile work environment Jorge Cruz was causing Altman to suffer at work. Altman also informed BCD Travel HR that she was suffering from severe anxiety that included physical symptoms like sleepless nights and headaches, that she was being treated by medical professionals for her severe anxiety and emotional distress, and she requested that her supervisor's disparate treatment of her be stopped.

21. After nothing changed following her meetings with BCD Travel HR, Altman retained on of the undersigned attorneys (Gary D. Abrams), who wrote a letter to BCD Travel CEO John Snyder that described many of the allegations contained in this complaint in an attempt to resolve the issue. The April 9, 2019 letter also stated that Altman was considering filing a charge of discrimination with the EEOC. Instead of working with Altman, BCD Travel responded by terminating her on April 18, 2019.

22. Altman's termination was in retaliation for complaining to BCD Travel's Human Resources Department about Jorge Cruz and for alerting BCD Travel that Altman was considering filing a charge of discrimination with the EEOC.

23. Altman's mental anguish and suffering continues to this day.

## Count I - Gender Discrimination in Violation of Title VII

24.　　Susan Altman incorporates ¶¶ 1-22 as if restated herein.

25.　　To state a *prima facie* case of disparate treatment gender discrimination under Title VII, a female plaintiff must show that she: (1) is a member of a protected class, (2) is performing her job satisfactorily, (3) suffered an adverse employment action, and (4) was treated less favorably than at least one similarly-situated male colleague. *See*, *Farrell v. Butler Univ.*, 421 F.3d 609, 613 (7th Cir. 2005).

26.　　Altman, a female, is a member of a protected class and performed her job exceptionally well. As discussed above, Mark O'Brien, her male colleague and fellow VP under Jorge Cruz, was treated more favorably by Jorge Cruz and BCD Travel between July 2018 and April 2019.  O'Brien was given access to business opportunities that resulted in higher earning potential that Altman was denied (¶¶ 12, 14-15).

27.　　Altman suffered several adverse employment actions.  She was terminated (¶9), was denied the opportunity to work on lucrative "re-bid" businesses that O'Brien was permitted to work on (¶14), and was denied from lucrative businesses within BCD Travel's vertical markets - health care and government - that O'Brien was permitted to work on (¶15).  This disparate treatment also limited Altman's earning potential (¶17).

28.　　BCD Travel is vicariously liable for the conduct of its employees, including Jorge Cruz, under the doctrine of *respondeat superior*.

29.     As the direct and proximate result of BCD Travel's violations of Title VII, Altman has suffered substantial damages, including without limitation, actual and consequential damages for economic loss in amounts to be proven at trial.

30.     As the direct and proximate result of BCD Travel's violations of Title VII, Altman has also suffered substantial non-economic damages, including, without limitation, emotional suffering and mental anguish.

31.     BCD Travel's discriminatory conduct was intentional and malicious, making punitive or exemplary damages necessary to punish BCD Travel and deter it and other companies from like misconduct.

### Count I - Prayer for Relief

WHEREFORE, on Count I under Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, Plaintiff Susan Altman requests the entry of judgement against BCD Travel USA, LLC for:

A.      Actual and consequential damages, both economic and non-economic, to be proven at trial;

B.      Punitive damages sufficient to punish Defendant and deter it and other companies from like misconduct;

C.      Costs of suit;

D.      Attorneys' fees; and

E.      Such relief available under law and deemed just and proper.

### Count II - Hostile Work Environment in Violation of Title VII

32.     Susan Altman incorporates ¶¶ 1-31 as if restated herein.

33.     BCD Travel violated Title VII by subjecting Altman to a hostile work environment by allowing and fostering an atmosphere where nepotism and gender discrimination were apparent and unchecked. Without limitation, BCD Travel's acts or omissions constituting a Hostile Work Environment include:

   a.  Permitting Jorge Cruz to treat Mark O'Brien (male) more favorably than Altman, her peer and equal, by granting him access to re-bid deals and giving him more lucrative business opportunities in the vertical market (¶¶ 12, 14-15) in violation of Title VII;

   b.  Permitting Jorge Cruz to treat Deborah Cruz (his wife) more favorably than Altman, her peer and equal, by granting her access to re-bid deals, giving her more lucrative business opportunities in the vertical market, and permitting Deborah Cruz (but not Altman) to go to a trade show(¶¶12, 14-15, 16); and

   c.  Permitting this conduct to continue after Altman notified BCD Travel Human Resources about it (¶20).

34.     Altman's work environment was both objectively and subjectively offensive. A reasonable person would find Altman's work environment - one which her direct supervisor blatantly engaged in gender discrimination and nepotism - to be hostile or abusive. Similarly, Altman herself perceived the work environment to be hostile (¶18).

35.     Altman was subjected to this unwelcome harassment because of her gender and because she was not her supervisor's wife (like fellow female Deborah Cruz).

36.     BCD Travel is liable as Jorge Cruz, Altman's direct supervisor, was the orchestrater of the hostile work environment and was aware of Cruz's distress (¶18). In addition, Altman complained to HR between July 2019 and April 2019, placing the company on notice of how her supervisor's discriminatory and nepotistic conduct was making her workplace a hostile one that was causing her to suffer severe anxiety (¶20).

37.     BCD Travel is vicariously liable for the conduct of its employees, including Jorge Cruz, under the doctrine of *respondeat superior*.

38.     As the direct and proximate result of BCD Travel's violations of Title VII, Altman has suffered substantial damages, including without limitation, actual and consequential damages for economic loss in amounts to be proven at trial.

39.     As the direct and proximate result of BCD Travel's violations of Title VII, Altman has also suffered substantial non-economic damages, including, without limitation, emotional suffering and mental anguish.

40.     BCD Travel's discriminatory conduct was intentional and malicious, making punitive or exemplary damages necessary to punish BCD Travel and deter it and other companies from like misconduct.

## Count II - Prayer for Relief

WHEREFORE, on Count II under Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, Plaintiff Susan Altman requests the entry of judgement against BCD Travel USA, LLC for:

A.  Actual and consequential damages, both economic and non-economic, to be proven at trial;

B.  Punitive damages sufficient to punish Defendant and deter it and other companies from like misconduct;

C.  Costs of suit;

D.  Attorneys' fees; and

E.  Such relief available under law and deemed just and proper.

## Count III - Retaliation in Violation of Title VII

41.  Susan Altman incorporates ¶¶ 1-40 as if restated herein.

42.  Title VII prohibits employers from retaliating against employees for complaining about discrimination 42 U.S.C. § 2000e-3(a).  To establish a *prima facie* case of retaliation under Title VII, a plaintiff needs to show: (1) she engaged in a statutorily protected activity, (2) his employer took a materially adverse action against her, and (3) there is a causal link between the protected activity and the adverse action.  *See, Mollet v. City of Greenfield*, 9226 F.3d 894, 896 (7th Cir. 2019).

43.  Altman engaged in a protected activity when she, through one of her attorneys, alerted BCD Travel CEO John Snyder that she was considering filing a charge of discrimination over the discriminatory and nepotistic conduct of her supervisor Jorge Cruz via a letter on April 9, 2019.  (¶21).

44.     BCD Travel took a materially adverse action against Altman when the company terminated her employment on April 18, 2019.  The causal link is demonstrated by the swiftness of Altman's termination, a mere 9 days.  Any proffered reason BCD Travel has for Altman's termination is pretextual and will be developed in discovery (¶22).

45.     As the direct and proximate result of BCD Travel's violations of Title VII, Altman has suffered substantial damages, including without limitation, actual and consequential damages for economic loss in amounts to be proven at trial.

46.     As the direct and proximate result of BCD Travel's violations of Title VII, Altman has also suffered substantial non-economic damages, including, without limitation, emotional suffering and mental anguish.

47.     BCD Travel's discriminatory conduct was intentional and malicious, making punitive or exemplary damages necessary to punish BCD Travel and deter it and other companies from like misconduct.

## **Count III - Prayer for Relief**

WHEREFORE, on Count III under Title VII, of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, Plaintiff Susan Altman requests the entry of judgement against BCD Travel USA, LLC for:

A.     Actual and consequential damages, both economic and non-economic, to be proven at trial;

B.     Punitive damages sufficient to punish Defendant and deter it and other companies from like misconduct;

C.     Costs of suit;

D.     Attorneys' fees; and

E.     Such relief available under law and deemed just and proper.

## Count IV - Discrimination in Violation of the ADA

48.     Susan Altman incorporates ¶¶ 1-47 as if restated herein.

49.     To establish a *prima facie* ADA claim, Altman must show that: (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of her job either with or without reasonable accommodation, and (3) she has suffered from an adverse employment decision because of her disability. *See*, *Spurling v. C&M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014).

50.     As a result of the discriminatory and nepotistic treatment of Jorge Cruz that created a hostile work environment, Altman suffered from severe anxiety and emotional stress (¶¶ 13, 18). Altman informed BCD Travel's HR department that she was suffering from severe anxiety and emotional distress and that she was being treated by medical professions for her symptoms (¶20).

51.     Altman's severe anxiety and emotional distress is a disability under the ADA, she was qualified to perform the essential functions of her job, and she suffered an adverse employment decision because of her disability: her termination after complaining to HR (¶22).

52.     In terminating Altman, BCD Travel failed to consider her disability and failed to consider a reasonable accommodation short of termination that might have addressed any deficiencies BCD Travel claimed Altman had in her role.

53.     Altman has been damaged by BCD Travel's ADA violations and pursues her statutory remedies to the fullest extent of the law.

### Count IV - Prayer for Relief

WHEREFORE, on Count IV under the Americans with Disabilities Act, as amended, 42 U.S.C.A. § 12101, Plaintiff Susan Altman requests the entry of judgement against BCD Travel USA, LLC for:

A.     Actual and consequential damages, both economic and non-economic, to be proven at trial;

B.     Punitive damages sufficient to punish Defendant and deter it and other companies from like misconduct;

C.     Costs of suit;

D.     Attorneys' fees; and

E.     Such relief available under law and deemed just and proper.

### Count V - Violations of the Equal Pay Act

54.     Susan Altman incorporates ¶¶ 1-53 as if reinstated herein.

55.     To state a claim for an EPA violation, Plaintiff must allege that: (1) different wages were paid to employees of the opposite sex; (2) the employees are performing equal work which requires skill, efforts, and responsibility; and (3) the employees have similar working conditions.  *See, Parks v. Speedy Title & Appraisal Review Servs.*, 318 F.Supp.3d 1053, 1069 (N.D. Ill. 2018).

56.     By paying Mark O'Brien (male) full commissions on similar or the same sales as Altman on *at least* one occasion, BCD Travel violated the EPA. (¶14).  O'Brien

and Altman were in the same role, had the same or similar incentive plans describing how and when commissions were to be paid, and yet O'Brien received substantial commissions on a sale just like the Bayer Corp. sale Altman made while Altman received no commissions. (¶14). This disparity in how commissions were paid between two equal level VPs was due to gender.

57.     Altman has been damaged by BCD Travel's EPA violations and pursues her statutory remedies to the fullest extent of the law.

### Count V - Prayer for Relief

WHEREFORE, on Count V under the Equal Pay Act, 29 U.S.C. § 206(d), Plaintiff Susan Altman requests the entry of judgement against BCD Travel USA, LLC for:

A.     Back wages and commissions owed in an amount to be proven at trial;

B.     Liquidated damages or prejudgment interest in an amount to be proven at trial;

C.     Attorneys' fees; and

D.     Such relief available under law and deemed just and proper.

### Count VI - Breach of Contract

58.     On March 12, 2014, Altman signed the BCD Travel USA, LLC Sales Incentive Plan, effective January 1, 2014, in which BCD Travel promised to pay Altman sales commissions.

59.     The Sales Incentive Plan is governed by the laws of Georgia. The elements for a breach of contract claim in Georgia are the (1) breach and the (2)

16

resultant damages (3) to the party who has the right to complain about the contract being broken. *See, SAWS at Seven Hills, LLC v. Forestar Realty, Inc.*, 342 Ga. App. 780, 784, 805 S.E.2d 270, 274 (2017).

60.     BCD Travel's failure to pay Altman full commissions owed to her under the Sales Incentive Plan as described in ¶19 above is a breach of contract.

<u>**Count VI - Prayer for Relief**</u>

WHEREFORE, on Count VI, for breach of contract, Plaintiff Susan Altman requests the entry of judgement against BCD Travel USA, LLC for:

A.     Actual damages to fully compensate Altman for all commissions earned;

B.     Attorneys' fees; and

C.     Such relief available under law and deemed just and proper.

<u>**Count VI - Intentional Infliction of Emotional Distress**</u>

61.     Susan Altman incorporates ¶¶ 1-60 as if reinstated herein.

62.     Subjecting Altman to work under a supervisor who blatantly engaged in gender discrimination (treating male Mark O'Brien more favorable than her) and nepotism (treating his wife Deborah Cruz more favorable than her) constitutes extreme and outrageous conduct clearly foreseeable to inflict emotional distress. (¶¶12, 14-15, 20).

63.     Retaliating against Altman after Altman alerted BCD Travel HR and BCD Travel's CEO that the gender discrimination and nepotism permeating her workplace was causing her to suffer server anxiety and emotional distress by

terminating her constitutes extreme and outrageous conduct clearly foreseeable to inflict emotional distress. (¶¶ 20-21).

64.    This conduct caused Altman to suffer from extreme anxiety that has manifested into physical symptoms including (without limitations) sleepless nights and headaches, and the stress has continued since her termination. (¶¶20, 23). Altman has sought treatment for medical professionals because of her mental anguish. (¶20).

65.    Altman's suffering is the foreseeable, direct, and proximate result of BCD Travel's conduct. Jorge Cruz's treatment of Altman was intentional and his power over Altman (as her supervisor) only exacerbated Altman's injuries.

### Count VII - Prayer for Relief

WHEREFORE, on Count VII, for intentional infliction of emotional distress, Plaintiff Susan Altman requests the entry of judgement against BCD Travel USA, LLC for:

A.    Actual damages in an amount to be determined at trial;

B.    Compensatory damages for emotional distress and pain and suffering to be determined at trial;

C.    Punitive damages sufficient to punish Defendant and deter it and other companies from like misconduct;

D.    Costs of suit;

E.    Attorneys' fees; and

F.    Such relief available under law and deemed just and proper.

Dated: December 5, 2020          Respectfully submitted,

                             **SUSAN ALTMAN**

                      By:     *_/s/ Carmen D. Caruso_____*

Carmen D. Caruso (#6189462) - cdc@cdcaruso.com
William B. Whitner (#6331564) - wbw@cdcaruso.com
CARMEN D. CARUSO LAW FIRM
77 West Washington St., Ste 1900
Chicago, IL 60602

and

Gary D. Abrams (No. 00050101L)
GARY D. ABRAMS & ASSOCIATES, LTD.
55 West Monroe Street, St. 1200
Chicago, IL 60603

# EXHIBIT A

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | 440-2019-05722 |
| ☒ EEOC | |

Illinois Department of Human Rights _and EEOC_

_State or local Agency, if any_

NAME (Indicate Mr., Ms., Mrs.)
Susan Altman

HOME TELEPHONE (Include Area Code)
773-640-0685

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 39W193 Fryendall Court | Geneva, IL 60134 | 7-22-66 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| BCD Travel | 100+ | 678-441-5326 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Six Concourse Parkway NE, Ste 2400 | Atlanta, GA, 30328 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

RECEIVED EEOC
JUN 24 2019
CHICAGO DISTRICT OFFICE

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ AGE |
|---|---|---|---|---|
| ☒ RETALIATION | ☐ NATIONAL ORIGIN | ☒ DISABILITY | ☒ OTHER EQUAL PAY ACT | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)
4/18/19

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the Respondent on July 17, 2012, and was continuously employed by Respondent for over seven years, until my termination on April 18, 2019. My last position was Vice President, Global Sales. During my employment I have been subjected to discriminating terms and conditions of employment.

Beginning in late July, 2018, and continuing through my termination, I believe that I have been targeted by my supervisor, Jorge Cruz, and discriminated against, based upon my sex and disability, and further based upon his favoritism towards his wife, Deborah and my co-worker, based upon his acts of nepotism. Further, I believe Mr. Cruz treated my male co-worker, Mark Obrien, more favorably than me in allowing him to receive substantially more commissions on the same basis that I was entitled to, in violation of the Equal Pay Act. Additionally, Mr. Cruz's conduct towards me caused me severe anxiety and emotional stress, for which I was forced to seek medical assistance, and thereafter terminated when I complained about it to H.R.

I believe I have been discriminated and retaliated against because of my sex, female, in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, and in violation of the Americans with Disabilities Act (ADA) of 1990 and the amendments thereto, due to my medical condition of severe anxiety and emotional stress; and retaliated against and forced to work in a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and in violation of the Equal Pay Act, in that my male counter-part was paid more I was for similar work.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.
Susan Altman

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date 6/13/19    Charging Party (Signature)

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Susan L. Altman<br>c/o Gary Abrams<br>GARY D. ABRAMS AND ASSOCIATES, LTD.<br>55 W Monroe Street, Suite 1200<br>Chicago, IL 60603 | From: Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-05722 | Daniel Gajda,<br>Investigator | (312) 872-9668 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/msd*                                          9/2/2020

| | |
|---|---|
| Enclosures(s) | **Julianne Bowman,**<br>**District Director** (Date Mailed) |

cc:  BCD TRAVEL
c/o Deborah Elbaum
Deputy General Counsel
2150 East Lake Cook Rd., Ste. 820
Buffalo Grove, IL 60089